# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Danny H Cooprider,

       Plaintiff,

v.

JudRut Consulting Firm LLC, et al.,

       Defendants.

No. CV-26-04665-PHX-SMB

**PRELIMINARY ORDER**

This matter having recently come before this Court, the parties are advised of the following preliminary policies and procedures that will govern these proceedings, and are ordered as follows.

### Governing Rules

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.

### Case Management Conference

The Court will schedule a case management conference in accordance with Rule 16 of the Federal Rules of Civil Procedure once Defendants have been served or have appeared in the actions. As will be directed in the order setting the conference, the parties will be required to engage in a Rule 26(f) meeting and submit a Joint Rule 26(f) Case Management Report. Outstanding motions or requests to continue the Case Management Conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filing.

The Court will issue a Case Management Order following the date of the scheduled conference. The Order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions, and will set forth additional policies and procedures that will apply in this case.

### Rule 12 Motions

Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

### Amendment to the Pleadings

Parties shall endeavor not to oppose motions to amend that are filed prior to any Rule 16 Case Management Conference or the deadline set forth by any Rule 16 Case Management Order. Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

### Protective Orders

As a general practice, this Court does not approve or adopt blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties. Further, the fact that the parties have designated materials or information as confidential pursuant to an agreement or stipulation does not mean that the Court will order that the

filings containing such information be placed under seal.  In the event discovery mandates disclosure of specific, harmful confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.  Any party wishing to seal a record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

### Corporate Statement

If applicable, full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required.  A Corporate Disclosure Statement form is available on the District Court's Website.

### Filings

All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c).  A paper copy of any document filed exceeding ten (10) pages in length must be submitted to chambers.  Documents which are too large for stapling must be submitted in a three-ring binder.  Electronic copies of proposed orders must be emailed in Microsoft Word format to Brnovich_Chambers@azd.uscourts.gov.

### Communications with the Court

As a general matter, all communications with the Court regarding any case must be made on the record.  Telephone calls regarding routine administrative matters in civil cases may be directed to chambers at (602) 322-7540.  No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

### Emergencies and Expedited Consideration

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* which sets forth the grounds warranting accelerated resolution of the related

filing and identifies the dates of the imminent events pertinent to the request.  Such requests should not be made as a matter of course nor should be made by merely noting it below the title of the related filing.  Requests presented to the Court in this manner will not be considered.

### Oral Arguments and Evidentiary Hearings

This Court does not have a preset schedule for setting oral arguments and evidentiary hearings.  The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly.  Any party desiring oral argument may request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such request should be made in instances where it would assist the resolution of the motion, and not be made merely as a matter of course.  Any party desiring an evidentiary hearing should request it in the body of its filing.  Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

### Noncompliance

The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court.  *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**IT IS THEREFORE ORDERED** that Plaintiff(s) must promptly serve a copy of this Order on Defendant(s) and file notice of service with the Clerk of Court.

Dated this 9th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 4 -